Reba K. CUNNINGHAM *v.* Malcolm D.
CUNNINGHAM

88-275 761 S.W.2d 941

Supreme Court of Arkansas
Opinion delivered December 19, 1988

378

*Orvin W. Foster*, for appellant.

*Bob Keeter*, for appellee.

STEELE HAYS, Justice. The appellant, Reba Cunningham, and the appellee, Malcolm Cunningham, entered into a separation agreement on October 2, 1975. Commencing in October 1975, the appellee agreed to pay the appellant $500 per month in child support as long as the appellant "shall have custody of the children or either of them." The Cunninghams divorced on August 18, 1976, with the divorce decree incorporating the October 1975 property settlement agreement.

The appellee stopped paying child support on March 2, 1978, due to financial difficulties. The appellee filed for social security retirement benefits and the appellant eventually received monthly checks for support of the children from the Social Security Administration. On April 27, 1987, the appellant petitioned the Chancery Court of Pope County to grant a judgment for the arrearage in child support due from April 1982, at $500 per month, less the amount of the social security payments received each month by Reba Cunningham.

In a letter decision, the chancellor ruled that no agreement to modify the property settlement agreement occurred and that the social security payments received by the appellant should be credited in lieu of the appellee's child support responsibilities. Based on the theory of estoppel and/or waiver, the chancellor also held the appellant was not entitled to the child support arrearages. This appeal arises from the chancellor's ruling that the appellant may not recover child support arrearages. After considering the arguments on appeal, we reverse and remand.

In *Sage* v. *Sage*, 219 Ark. 853, 245 S.W.2d 398 (1952), we adopted the rule that chancery courts may remit accumulative payments of child support only under limited circumstances. In *Pence* v. *Pence*, 223 Ark. 782, 268 S.W.2d 609 (1954), we

affirmed the chancery court's denial of child support arrearages on the basis that the custodial parent, by her own conduct, interfered with the father's (non-custodial parent) visitation rights.

Additionally, in *Sharum v. Dodson*, 264 Ark. 57, 568 S.W.2d 503 (1978), we recognized the mother's right to unpaid installments of child support except during periods when she rendered the father's rights nugatory. We reiterated in *Holley v. Holley*, 264 Ark. 35, 568 S.W.2d 487 (1978), that the chancery court is not required to render judgment for arrearages accruing for unpaid child support when the mother, having custody, deprived the father of temporary custody or visitation rights by failing to comply with the terms of a valid decree governing those rights.

In *Bethell v. Bethell*, 268 Ark. 409, 597 S.W.2d 576 (1980), the court considered an ex-wife's entitlement to alimony arrearages. The court recognized the analogous nature of cases dealing with alimony and child support arrearages and said that within limitations attributable to the overriding concern for the welfare of children, cases involving child support arrearages may be considered as precedential in disputes over alimony arrearages and vice versa, stating:

> . . . from *Sage, Pence* and our subsequent decisions, we can say that, as a general rule, an ex-spouse is entitled to judgment for all past due installments of alimony awarded by decree of divorce, not barred by the statute of limitations, *unless equity cannot lend its aid because of the actions or conduct of the ex-spouse seeking judgment.*" [Emphasis added].

In this case, the appellant did not interfere with the appellee's visitation rights, nor did she defy the divorce decree. The only conduct which arguably mitigates against equity lending its aid was that the appellant delayed in pursuing her rights to obtain judgment for the accrued child support payments. This fact alone will not justify defeating the appellant's right to the accrued child support installments.

The chancellor cited *Bethell* v. *Bethell, supra,* relying on the theories of estoppel and waiver in denying the judgment for

child support arrearages. However, in *Bethell* the parties had entered into an oral agreement altering the alimony payments and the chancellor based his remission of the arrearages on the basis of that agreement and Dr. Bethell's reliance upon the agreement. In this case, the chancellor in his later decision stated, "I am of the opinion that there was no firm agreement by the parties to modify the Separation Agreement . . ." Therefore, *Bethell* provides no precedent. In this case, there was no modification agreement, and hence no potential reliance upon which the chancellor might base his denial of judgment on estoppel or waiver.

We conclude that the appellant is entitled to the child support arrearage. Since we review chancery cases de novo, we would ordinarily determine the amount due. However, we are unable to arrive at that figure reliably on this record and therefore we remand to the chancellor to determine the correct amount.

Reversed and remanded.