Wyliea Lindley SULLIVAN *v.* Kenneth Leonard EDENS
90-171                                          801 S.W.2d 32
Supreme Court of Arkansas
Opinion delivered December 17, 1990
[Rehearing denied January 14, 1991.*]

---

*Hays and Glaze, JJ., would grant rehearing. Corbin and Brown, JJ., not participating.

*Gregory W. Harris*, for appellant.

*Crawford Law Firm*, by: *Michael H. Crawford*, for appellee.

ROBERT H. DUDLEY, Justice. This is a significant case involving the collection of accrued but unpaid child support. The 1978 divorce decree awarded custody of the children to the mother, appellant, and ordered the father, appellee, to pay monthly child support in an amount equal to 32% of his take-home pay, but, in any event, not less than $200.00 per month. In 1982, the mother filed a petition asking that the father be held in contempt for failing to pay child support. Prior to the hearing, the father paid the mother $1,000.00, and they agreed that the future amount of child support would be a fixed $200.00 per month, increasing to $225.00 per month beginning in 1984, and further increasing to $250.00 per month beginning in 1987. Neither party petitioned to have the original decree modified. The mother's petition was later dismissed for failure to prosecute.

On July 12, 1989, the mother filed a petition to collect 32% of the father's income as past due child support. In October 1989, she voluntarily dismissed her petition, but re-filed it on December 7, 1989.

After hearing the evidence the trial court found that the applicable statute of limitation was five years, and the mother "is not entitled to the amount previously ordered by this court but shall be entitled to the amount agreed by the parties." The mother appeals and argues that the trial court erred (1) in applying a five year statute of limitation and (2) in refusing to give judgment for the full amount of past due child support. The trial court did err in fixing the amount of arrearage and, accordingly, we reverse.

The chancellor applied the correct statute of limitation. Prior to 1989, the statute of limitation applicable to arrearages accruing as the result of failure to comply with an order of child support was five years. Ark. Code Ann. § 16-56-115 (1987); *Brun v. Rembert*, 227 Ark. 241, 297 S.W.2d 940 (1957). In 1989, the period of limitation was changed to ten years. Ark. Code Ann. § 9-14-236 (Supp. 1989) and 16-56-129 (Supp. 1989). This case was heard after the effective date of the 1989 statute. The mother argues that the chancellor erred in refusing to apply the 1989 statute retroactively. The argument is without merit. When a new statute of limitation does not specifically repeal a prior statute of limitation, the new statute is not intended to operate retroactively and result in the removal of a limitation on causes of action already barred. *Morton v. Tullgren*, 263 Ark. 69, 563 S.W.2d 422 (1978). The old statute of limitation controls for all causes of action already accrued on the date of the enactment of the new statute. *Trapnall v. Burton*, 24 Ark. 371 (1866). The new statute of limitation applicable to this case does not provide for repeal of the old statute. Thus, the old five-year statute of limitation is applicable to those support payments due prior to the effective date of the new act, and the new ten-year statute of limitation is applicable to payments accruing after the effective date of the new act.

The mother filed her suit for collection of arrearages on July 12, 1989. She voluntarily dismissed the suit in October 1989, but re-filed it on December 7, 1989, which was within one year of the nonsuit. Thus, the chancellor correctly ruled that the mother's

recovery was limited to July 12, 1984.

Next, the mother assigns as error the chancellor's ruling that she "is not entitled to the amount previously ordered by this court but shall be entitled to the amount agreed by the parties." Again, a relatively new statute is applicable and requires that we divide this point into two sub-parts: (1) decide the amount of arrearages due before the statute's effective date, and (2) then decide the arrearages due after its effective date.

The chancellor made a finding of fact that the parties agreed to reduce the child support to a fixed $200.00 beginning in 1982, $225.00 per month beginning in 1984, and $250.00 beginning in 1987. That finding is not clearly erroneous, and we affirm it. Prior to 1987, agreements between former spouses reducing the amount of child support payments did not bind the court, but the court could recognize such an agreement (1) if the agreement was supported by a valid consideration, *Ray*, v. *Manatt*, 250 Ark. 230, 465 S.W.2d 111 (1971), or (2) if it were inequitable to do otherwise, *Bethell* v. *Bethell*, 268 Ark. 409, 597 S.W.2d 576 (1980). An example of consideration is where the amount of child support is reduced by agreement and the obligor then takes custody of one of the children. *Ray* v. *Manatt*, *supra*. Here, there was a comparable consideration. The mother gave up the right to 32% of the father's income but gained an increase in the fixed amount of support from $200.000 to $250.00 per month over a period of time. This was significant since the father had been unemployed some of the time just prior to the agreement. Accordingly, the chancellor did not err in recognizing the agreement.

However, the chancellor did err in refusing to be bound after the effective date of the new act. Ark. Code Ann. § 9-12-314(b) and (c) (Supp. 1989), effective July 20, 1987, provides:

> (b)   Any decree, judgment, or order which contains a provision for the payment of money for the support and care of any child or children through the registry of the court shall be final judgment as to any installment or payment of money which has accrued until the time either party moves through proper motion filed with the court and served on the other party to set aside, alter, or modify the decree, judgment, or order.

(c) The court may not set aside, alter, or modify any decree, judgment, or order which has accrued unpaid support prior to the filing of the motion. However, the court may offset against future support to be paid those amounts accruing during time periods, other than reasonable visitation in which the noncustodial parent had physical custody of the child with the knowledge and consent of the custodial parent.

The General Assembly re-adopted identical provisions in 1989. Ark. Code Ann. § 9-14-234(a) and (b) (Supp. 1989).

These statutes were enacted to insure that child support programs of the State of Arkansas would qualify for future funding from the United States Department of Health and Human Services. In Title IV-D of the Social Security Act, Congress appropriated funds for such a program. 42 U.S.C. § 666 (1988) prescribes procedures which states must follow to qualify for funding. In 1986, as part of the Budget Reconciliation Act, Congress amended the qualifying procedures by adding a requirement that each state must have procedures which require that any payment or installment of support under any child support order is:

(a)(9)(A) a judgment by operation of law, with the full force, effect, and attributes of a judgment of the State, including the ability to be enforced,

(B) entitled as a judgment to full faith and credit in such State and in any other State, and

(C) not subject to retroactive modification by such State or by any other State; except that such procedures may permit modification with respect to any period during which there is pending a petition for modification, but only from the date that notice of such petition has been given, either directly or through the appropriate agent, to the obligee or (where the obligee is the petitioner) to the obligor.

42 U.S.C. § 666(a)(9)(A)-(C) (1988).

In April of 1989, the Office of Child Support Enforcement of the Department of Health and Human Services issued its final

rule with provisions identical to those set out above. *See* 45 C.F.R. § 303.106 (1989). This final rule discusses the intent of the federal requirement. It states that child support has been difficult to collect in the past and that to help improve collections it would be better to place an obligation on the party owing the support to diligently petition the court for a reduction rather than to reduce the amount of support retroactively at a later time. Congress was concerned with states which had accorded child support orders a lesser stature than other money judgments and have allowed child support awards to be modified retroactively. In these states the court had the authority to reduce or nullify arrearages by reducing the amounts owed for past periods. 54 Fed. Reg. 15,758 (April 19, 1989). The discussion of the final rule also states that support judgments may be compromised or satisfied by specific agreement of the parties on the same grounds as exist for any other judgment in the state. 54 Fed. Reg. 165,763 (April 19, 1989). The final rule was adopted April 14, 1989. Thus, the passage of the amendment to the Social Security Act and the adoption of the final rule roughly correspond in time to the enactment of the two Arkansas Code sections, Ark. Code Ann. § 9-12-314 and § 9-14-234 (Supp. 1989).

■ As previously set out, the original decree in this case was never modified by the court. Only a court can modify its decree and, as a result, the original decree remains in effect. After the new statute was enacted, the trial court could not "set aside, alter, or modify" the "order which has accrued unpaid support." Thus, the chancellor erred in ruling he could recognize the parties' private agreement for the payments which fell due after the effective date of the act.

This is an appeal from a chancery case. We hear equity appeals de novo on the record made below, and ordinarily dispose of such cases on that record. *Ferguson* v. *Green*, 266 Ark. 556, 587 S.W.2d 18 (1979). However, if the record is not sufficient for us to dispose of the case, we have the discretionary power to remand an equity case for further proceedings. *Ferguson* v. *Green, supra.* The record in this case does not reveal what 32% of the father's income amounted to for the period after the 1987 act became effective. Thus, we do not have a sufficient record to finally dispose of the case. Accordingly, we remand the case for determination of the full amount of child support due.

Affirmed in part, reversed in part, and remanded.

HAYS and GLAZE, JJ., dissent.

PRICE, J., concurs.

DALE PRICE, Justice, concurring. I concur with the majority. However, for the benefit of the bench and bar I note that in the past some courts devised formulas by which child support would be determined in the future, for example, "32% of take home pay." Two statutes now require that such a practice be abandoned. Ark. Code Ann. § 9-12-312(a)(2) (Supp. 1989), the family support chart statute, contemplates a fixed amount of support, as does Ark. Code Ann. § 9-12-314(b) and (c) (Supp. 1989), the statute discussed in this case. The latter statute contemplates that a child support order will be akin to a money judgment, and "a judgment . . . for money should state the amount which the defendant is required to pay. . . ." *Thomas* v. *McElroy*, 243 Ark. 465, 420 S.W.2d 530 (1967).

I concur.

TOM GLAZE, Justice, dissenting in part. The majority court correctly upholds the trial court's finding that the parties entered into an agreement that, commencing in 1982, appellee would pay child support in the reduced amount of $200 per month and then increase it in monthly amounts to $225 in 1984 and to $250 in 1987. While this agreement varied from the parties' earlier agreement which was incorporated into their 1978 decree, this court has sanctioned such variances in or modification agreements of both alimony and child support payments. *See Cunningham* v. *Cunningham*, 297 Ark. 377, 761 S.W.2d 941 (1988); *Bethell* v. *Bethell*, 268 Ark. 409, 597 S.W.2d 576 (1980).

After correctly affirming the trial judge's finding of a modified child support agreement entered into by the parties in 1982, the majority then mistakenly proceeds to apply Ark. Code Ann. § 9-12-314 (as amended by Act 1057 of 1987) so that agreement is not enforceable after July 20, 1987 — the effective date of Act 1057 (now codified as Ark. Code Ann. § 9-12-314(a)(b)(c) and (d) (Supp. 1989)).[1] In other words, the major-

---

[1] As set out in the majority opinion, § 9-12-314(b) and (c) requires a party to file a

ity first recognizes the validity of the parties' 1982 child support agreement and enforces it until July 20, 1987, at which time the court abrogates the parties' agreement and reinstates their 1978 decree and its child support directives.

In sum, the majority's decision not only improperly applies Act 1057 of 1987 retroactively to reinstate support payments in the parties' 1978 decree, *Huffman* v. *Dawkins*, 273 Ark. 520, 622 S.W.2d 159 (1981), it also places a construction on that Act which unconstitutionally impairs the parties' 1982 contractual obligation. *See James* v. *Cheney*, 253 Ark. 926, 489 S.W.2d 785 (1973); U. S. Const. art. 1, § 10 and Ark. Const. art. 2, § 17. Here, the parties' child support rights and obligations were modified and vested in 1982. Under these circumstances, Act 1057 should not be applied to nullify the parties' prior existing child support agreement.

It is settled law that all legislation is intended to act only prospectively, and all statutes are to be construed as having only a prospective operation unless the purpose and intention of the Legislature to give them a retroactive effect is expressly declared or necessarily implied from the language used. *Chism* v. *Phelps*, 228 Ark. 936, 311 S.W.2d 297 (1958). When enacting Act 1057, the Legislature gave no hint that it intended to affect prior agreements such as the one entered into by the parties here in 1982. The trial court, and this court on appeal, determined that the 1982 agreement lawfully supplanted the support agreement previously incorporated in the 1978 decree. This court now errs in using Act 1057 to reinstate and enforce the parties' original agreement.

For the reasons given above, I would affirm this cause in all respects.

HAYS, J., joins this dissent.

---

motion to modify a decree and until that is done, the child support amounts payable under the decree and through the registry of the court shall have accrued as final judgments.