960 F.2d 1053
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Betty THIBODEAUX, Appellant,
v.
DOCTOR'S HOSPITAL and Paul C. Cornell, M.D., Appellees.
 91-3659.
 United States Court of Appeals, Eighth Circuit.
 Submitted: April 14, 1992.
April 22, 1992.
 
 Before FAGG, Circuit Judge, HENLEY, Senior Circuit Judge, and WOLLMAN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Betty Thibodeaux filed this medical malpractice suit on May 13, 1991 alleging that the defendants left sponges in her body following a surgical operation Dr. Cornell performed on April 2, 1976 at Doctor's Hospital in Little Rock. Defendants moved for summary judgment based on the statute of limitations in effect in 1976. The district court[1] granted summary judgment, rejecting Thibodeaux's argument that a subsequent amendment to the statute of limitations should be applied to this suit to revive her claim. We affirm.
 
 
 2
 We review a district court's interpretation of state law de novo. See Salve Regina College v. Russell, 111 S. Ct. 1217, 1225 (1991). The statute of limitations applicable to medical malpractice actions in 1976 required that the action "be brought within two years after the cause of action accrues." Ark. Stat. Ann. § 37-205. The statute specified further that "[t]he date of the accrual of the cause of action shall be the date of the wrongful act complained of, and no other time." Id. Under this statute, Thibodeaux's right to enforce her remedy was extinguished on April 3, 1978.
 
 
 3
 One year later, the Arkansas Legislature enacted the Malpractice Act of 1979. The new statute provided that when an action is based on allegations that a foreign object was left in the body, the action may be commenced within one year of the discovery of the foreign object. Ark. Code. Ann. § 16-114-203 (1987). The amended statute of limitations specifically stated, "This subchapter applies to all causes of action for medical injury accruing after April 2, 1979." Id. § 16-114-203. The district court, therefore, properly framed the sole issue in this case as "whether the amended statute 'revived' her right to enforce her remedy."
 
 
 4
 Under Arkansas law, "[w]hen a new statute of limitation[s] does not specifically repeal a prior statute of limitation[s], the new statute is not intended to operate retroactively and result in the removal of limitation[s] on causes of action already barred." Sullivan v. Edens, 304 Ark. 133,, 801 S.W.2d 32, 33-34 (1990) (citing Morton v. Tullgren, 263 Ark. 69, 562 S.W.2d 422 (1978)); see also Couch v. McKee, 6 Ark. 484, 495 (1846) (where the statute was amended after the bar of the older statute took effect, the amendment could not "revive" the right to enforce the remedy).
 
 
 5
 In sum, we agree with the district court's conclusion that "[a]lthough this case involves a tragic set of circumstances, the amended statute did not, and could not, 'revive' [Thibodeaux's] right." Therefore, we affirm. See 8th Cir. R. 47B.
 
 
 
 [1]
 The Honorable Henry Woods, United State District Judge for the Eastern District of Arkansas