**Brenda SHERIDAN; Larry Sheridan, Appellants,**

v.

**Dr. Raymond Harlan STRUBLE, Jr.; St. Paul Fire and Marine Insurance Company, as liability carrier for Baptist Medical Center, Appellees.**

**No. 92–1727.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 21, 1992.

Decided Oct. 8, 1992.

Charles R. Hicks, Little Rock, Ark., for appellants.

Calvin J. Hall, and Lyn P. Pruitt, Little Rock, Ark., for appellees.

Before FAGG, BOWMAN, and WOLLMAN, Circuit Judges.

PER CURIAM.

Brenda Sheridan and Larry Sheridan appeal the district court's order dismissing their medical malpractice action against Dr. Raymond H. Struble, Jr. and the St. Paul Fire and Marine Insurance Company. The district court rejected the Sheridans' argument that a new statute of limitations enacted before their action was barred under an older statute extended the limitations period for their action. We affirm.

On October 21, 1977, Struble performed exploratory surgery on Brenda Sheridan. She experienced chronic pain until a different physician removed a sponge from her abdominal cavity on July 4, 1990. The Sheridans contend Struble left the sponge in Brenda Sheridan's body during the original surgery. A year after discovering the sponge, and more than thirteen years after the original surgery, the Sheridans filed this action against Struble and the hospital's insurance carrier.

The statute of limitations applicable to medical malpractice actions at the time of Brenda Sheridan's original surgery provided an action must be brought within two years after the action's accrual. *See* Ark.

Stat.Ann. § 37–205 (Michie Repl.1962). Under this statute, the Sheridans' action accrued on the date of the original surgery. *Id.* Before the Sheridans' action was barred under this statute, the Arkansas Legislature enacted the Arkansas Medical Malpractice Act (Act). *See* Ark.Code Ann. §§ 16–114–201 to –209 (Michie 1987).

Like section 37–205, the Act states an action accrues on the date of the wrongful act. *Id.* § 16–114–203(b). Under the Act, however, when a medical malpractice action "is based [on] the discovery of a foreign object in the body of the injured person which is not discovered ... within [the provided] two-year period, the action may be commenced within one (1) year from the date of discovery." *Id.* The Act "applies to all causes of action for medical injury accruing after April 2, 1979, and, as to such causes of action, shall supersede any inconsistent provision of law." *Id.* § 16–114–202.

In the district court, the Sheridans contended the Act's foreign object discovery provision applies to their action and, thus, their action was timely filed. The district court dismissed their action under section 37–205, however, because the Act did not specifically repeal section 37–205. We review the district court's interpretation of state law de novo. *Salve Regina College v. Russell,* —— U.S. ——, ——, 111 S.Ct. 1217, 1225, 113 L.Ed.2d 190 (1991).

On appeal, the Sheridans contend the Act repealed section 37–205. We disagree. The Act's language clearly shows the legislature did not repeal section 37–205 for actions already accrued. We also believe the controlling law is firmly settled. *See Morton v. Tullgren,* 563 S.W.2d 422, 424–25 (Ark.1978) (a new statute of limitations does not apply to actions accrued, but not yet barred, unless the legislative intention to do so is expressly stated); *see also Sullivan v. Edens,* 801 S.W.2d 32, 33–34 (Ark.1990) (if new statute of limitations does not specifically repeal old statute, the old statute controls actions already accrued when new statute is enacted). Thus, the

district court correctly held that section 37–205 bars the Sheridans' action.

Accordingly, we affirm.