Hazel BURNETT *v.* Bruce BURNETT

92-1455                                    855 S.W.2d 952

Supreme Court of Arkansas
Opinion delivered June 28, 1993

*Bullock & Van Kleef,* by: *John D. Van Kleef,* for appellant.

*David H. McCormick,* for appellant.

STEELE HAYS, Justice. Hazel Burnett appeals from an order of the chancery court retroactively modifying the amount of child support payable under a decree of divorce between Hazel Burnett (appellant) and Bruce Burnett (appellee). We agree that it was error for the chancellor to retroactively modify the amount of child support due the custodial parent and, accordingly, we reverse.

The marriage between these parties was dissolved by a decree of divorce on May 1, 1991. The decree ordered Mr. Burnett to pay child support in an amount the parties had agreed to- $140 per week- into the registry of the court. The decree approved by reference the terms and provisions of a property settlement agreement signed by the parties. Neither the decree nor the agreement identifies the children as to number, age, or name, other than a reference in the agreement to Bradley Burnett as being the oldest child.

On May 15, 1992, Mr. Burnett petitioned for a reduction in child support. On June 2, 1992, Mrs. Burnett petitioned for a contempt citation, alleging that Mr. Burnett was in arrears in child support to the extent of $844 for 1991 and $1,540 for 1992. Mr. Burnett denied those allegations.

Hearings were held in June and August, 1992. Mrs. Burnett testified that Mr. Burnett did not pay through the registry of the court and was in arrears in the amount due her by the sum of $2,297. It was stipulated that there were three children; that Bradley had become eighteen on September 22, 1991, and was in his first year of college.

Mr. Burnett testified that though he had agreed to the amount of $140 per week he had subsequently had several job changes and each time he called his attorney to find out how much child support was due on his earnings under the Arkansas Child Support Chart. He then paid the chart amount to Mrs. Burnett. He conceded an arrearage in child support of $68.

The chancellor found that the amount of child support

accrued but unpaid as of May 15, 1992, was $2,297.00, but that Mr. Burnett was liable for only $68.00 because of material changes: Bradley had reached eighteen, Mr. Burnett's earnings were lower and he had made a good faith effort to pay according to the chart.

By this appeal Mrs. Burnett has challenged the authority of the chancellor to grant a retroactive reduction in child support and relies on Ark. Code Ann. § 9-12-314(b)(c) (Repl. 1991), which reads in part:

(b) Any decree, judgment, or order which contains a provision for the payment of money for the support and care of any child or children through the registry of the court shall be final judgment as to any installment or payment of money which has accrued until the time either party moves through proper motion filed with the court and served on the other party to set aside, alter or modify the decree, judgment, or order.

(c) The court may not set aside, alter, or modify any decree, judgment, or order which has accrued unpaid support prior to the filing of the motion.

Ark. Code Ann. § 9-14-234(a)(b) (Repl. 1991) contains identical language.

In *Sullivan* v. *Edens*, 304 Ark. 133, 801 S.W.2d 32 (1990) we stated that these statutes were enacted to insure that child support programs of the State of Arkansas would qualify for future funding from the United States Department of Health and Human Services. As we there noted, in Title IV-D of the Social Security Act, Congress appropriated funds for such a program. 42 U.S.C. § 666(a)(9)(A)-(C) (1988) provides that each state must have procedures which require that any payment or installment of support under any child support order is:

(a)(9)(A) a judgment by operation of law, with the full force, effect, and attributes of a judgment of the State, including the ability to be enforced,

(B) entitled as a judgment to full faith and credit in such State and in any other State, and

(C) not subject to retroactive modification by such

State or by any other State; except that such procedures may permit modification with respect to any period during which there is pending a petition for modification, but only from the date that notice of such petition has been given, either directly or through the appropriate agent, to the obligee or (where the obligee is the petitioner) to the obligor.

In April 1989, the Office of Child Support Enforcement of the Department of Health and Human Services issued its final rule which discusses the intent of the federal requirement. *See* 45 C.F.R. § 303.106 (1989); 54 Fed. Reg. 15,758 (April 19, 1989).

The court in the *Sullivan* case held that where former spouses made an agreement as to the amount of child support due monthly, the chancellor could recognize the parties' private agreement prior to July 20, 1987 (the effective date of §§ 9-12-312 and 9-14-234). However, the corollary to that holding is that chancery courts are no longer to recognize private agreements modifying the amount of child support after the effective date of the act.

Mr. Burnett insists this case is stronger because in *Sullivan* there was no agreement between the parties to reduce the amount of child support. The evidence indicates that an order to reduce the amount of child support was prepared but Mrs. Burnett did not sign it. She testified that she neither agreed nor disagreed, that Mr. Burnett simply came to her and stated he was paying an amount based on his income and she took what he gave her. Mr. Burnett testified that they had agreed that the actions taken by him were acceptable to both parties. He also notes that Mrs. Burnett took no action between September 22, 1991, and June 2, 1992, other than to accept the child support payments he tendered. We note that the property settlement agreement provides "no modification of this agreement shall be binding upon either party unless reduced to writing and subscribed by both parties."

Mr. Burnett recognizes that *Sullivan* and the statutes cited above appear to bind the trial court to render a judgment for the arrearage. However, he also asserts that because the chancery court is a court of equity, the chancellor was not prevented from applying equitable principles.

■ Mr. Burnett relies upon *Roark* v. *Roark*, 34 Ark. App. 250, 809 S.W.2d 822 (1991) in support of his argument. In *Roark*, the chancellor entered an order finding that neither of the parties had complied with the divorce decree and that both parties were estopped from raising the issue of back support. He modified the amount of child support and refused to grant a judgment for past due child support. The Court of Appeals affirmed the findings of the chancellor and stated that while it appears there is no exception to the prohibition against the remittance of unpaid child support, the commentary to the federal regulations recognizes circumstances under which a court might decline to permit the enforcement of the child support judgment. 54 Fed. Reg. 15,761 (April 19, 1989) states:

> [E]nforcement of child support judgments should be treated the same as enforcement of other judgments in the State, and a child support judgment would also be subject to the equitable defenses that apply to all other judgments. Thus, if the obligor presents to the court or administrative authority a basis for laches or an equitable estoppel defense, there may be circumstances under which the court or administrative authority will decline to permit enforcement of the child support judgment.

■ In *State* v. *Robinson*, 311 Ark. 133, 842 S.W.2d 42 (1992), we held that because the chancery court could not directly determine visitation under RURESA, it could not indirectly determine visitation by making payment of child support dependent upon visitation. That decision overruled *Roark* v. *Roark, supra,* and *Arkansas Department of Human Services* v. *Cameron,* 36 Ark. App. 105, 818 S.W.2d 591 (1991), to the extent they conflict with *Robinson.*

Mr. Burnett maintains that although the chancellor did not expressly tie his decision to equitable defenses, his findings and comments at the hearing indicate Mr. Burnett was entitled to equitable relief from the stringency of the statutes. The chancellor did note Mr. Burnett's "good faith effort to determine the amount of support that the Arkansas Child Support Chart would require a person to pay at the plaintiff's income level." The chancellor also stated that he did not think that it was fair to require someone to pay $140.00 a week for support when he may

not be making but $140.00 a week and "this is a court of equity." However, we are unable to reconcile the latter comment with the record. Mr. Burnett was working three jobs- as radio operator for the Yell County Sheriff his take home was $140; as court bailiff he earned $5.00 an hour, averaging $40 to $50 per week, and earned around $10.00 per game as an umpire at baseball games- totalling approximately $253 per week take home pay.

We agree that Mr. Burnett acted responsibly in some respects, but we are not persuaded that the clear imperative of our statutes can be overridden by the expediency of an *ex parte* reduction in child support even though the substituted amount is in accordance with the chart. By that action Mr. Burnett made himself the sole determiner of the amount of child support. We believe both the letter and the spirit of the statutes are aimed at removing unilateral alteration of child support by a noncustodial parent by directing that the amount fixed by the court should prevail until one parent moves to change it.

The statutes specifically provide that any decree which contains a provision for the payment of child support shall be a final judgment until either party *moves to modify the order.* In this case, Mr. Burnett did not file his petition to reduce support until over a year after the decree was entered. Therefore, until the motion to modify the judgment was filed, the unpaid support accrued as originally ordered.

It is also persuasive that federal statutes indicate that such orders are judgments by operation of law, with the full force, effect, and attributes of a judgment, including the ability to be enforced. In addition to *Sullivan* v. *Edens, supra,* other cases provide persuasive precedents. For example, in *Cunningham* v. *Cunningham,* 297 Ark. 377, 761 S.W.2d 941 (1988), we held that a delay of eleven years by the appellant in pursuing a judgment would not defeat her right to the accrued child support.

In summary, Ark. Code Ann. §§ 9-12-314 and 9-14-234 specifically provide that a decree shall be a final judgment until either party files a motion to modify such decree. Because the actions of Mrs. Burnett do not justify the application of estoppel to prevent the collection of past due child support payments, the chancellor erred in failing to order the entry of a judgment in the accrued amount.

While this appeal was pending, Mr. Burnett moved to dismiss because Mrs. Burnett designated only a partial record and her notice of appeal was not accompanied by a statement of points on which she intended to rely, as required by Ark. R. App. P. 3(g). Mrs. Burnett's designation omitted the petition to reduce child support and two exhibits introduced by Mr. Burnett consisting of a schedule of employment changes and canceled checks for child support paid to Mrs. Burnett.

We find no reason to dismiss the appeal, as the materials omitted were not essential to an understanding of the issues on review. There is no disagreement as to the amount Mr. Burnett had actually paid and, hence, the exhibits were unnecessary. The fact that he petitioned in May 1992, to reduce child support is certainly pertinent, but the difference in the amount due under the decree as of that date is not controverted. We believe Rule 3(g) was substantially complied with.

For the reasons stated, the order is reversed and the case is remanded to the chancellor for the entry of an order incorporating a judgment to Mrs. Burnett in the amount of $2,297. A fee of $350 is awarded to counsel for appellant for services rendered in connection with this appeal.

Reversed and remanded.