Cathy Lynn STUART (Hunter) *v.* Michael Sherman STUART

CA 93-779                                      878 S.W.2d 785

Court of Appeals of Arkansas
Division I
Opinion delivered July 6, 1994

*Len W. Bradley,* for appellant.

*Bruce R. Wilson,* for appellee.

JOHN E. JENNINGS, Chief Judge. This case began as a post-divorce action by the appellant, Cathy Hunter, to modify the decree. During the course of the hearing the chancellor heard evidence relating to arrearages in child support allegedly owed by the appellee, Michael Stuart. After considering the evidence of appellee's payments over a four-year period, the chancellor found an arrearage of $353.10. For reversal, appellant contends that the chancellor erred in giving the appellee credit against his child support obligation for savings bonds purchased at a cost of $3,300.00 and for $1,100.00 paid to the appellant prior to the date of the decree of divorce. We agree with both arguments and reverse.

The decree of divorce between the parties, entered on April 18, 1989, provided that the appellee would pay $400.00 per month as child support beginning May 1, 1989. At the hearing appellee testified that the parties had agreed that he would invest $100.00 per month in savings bonds for the children and pay only $300.00 per month to the appellant. The appellant denied entering into such an agreement. At the conclusion of the hearing the chancellor stated he could not find that such an agreement existed. He nevertheless gave the appellee credit against the arrearage for $3,300.00 paid to purchase savings bonds.

██ The appellant cites *Sullivan* v. *Edens*, 304 Ark. 133, 801 S.W.2d 32 (1990), for the proposition that chancery courts may not recognize private agreements by the parties for the payment of child support. *See also*, Ark. Code Ann. § 9-12-314(b) and (c) (Supp. 1989), and *Burnett* v. *Burnett*, 313 Ark. 599, 855 S.W.2d 952 (1993). Appellee's response is that the court's ruling "does not alter the amount of support to be paid, but merely affirms the parties' agreement as to the manner in which the support was to be paid." Apart from the fact that the chancellor expressly stated he could find no such agreement between the parties, we agree with the appellant that the rule in *Sullivan* governs and that appellee should not have received credit against the arrearage for the cost of the savings bonds.

██ We also must agree with the appellant that the chancellor erred in giving the appellee credit for amounts paid prior to May 1, 1989. As a matter of law, appellee is not entitled to credit against child support arrearages for voluntary expenditures. *Glover* v. *Glover*, 268 Ark. 506, 598 S.W.2d 736 (1980); *Buckner* v. *Buckner*, 15 Ark. App. 88, 689 S.W.2d 84 (1985).

The chancellor should have awarded judgment to the appellant in the sum of $4,753.10 and held that the savings bonds belong to the appellee. We therefore reverse and remand for the entry of a judgment consistent with this opinion.

Reversed and Remanded.

COOPER and ROGERS, JJ., agree.