STATE of Arkansas OFFICE OF CHILD SUPPORT
ENFORCEMENT *v.* Jeremy MITCHELL

CA 97-426                                   964 S.W.2d 218

Court of Appeals of Arkansas
Divisions I and II
Opinion delivered March 4, 1998

*William F. Cavenaugh,* for appellant.

One-brief appeal.

OLLY NEAL, Judge. This one-brief case involves a petition for paternity and child support brought by the appellant in 1992. After he failed to appear at the paternity hearing, the appellee was found to be father of the child, had a judgment for past support

entered against him and was ordered to pay future support. Subsequently, a judgment for arrearage was entered against him. A DNA test was ordered on March 18, 1996, and based upon the results, the trial court entered an order that had the effect of excluding Mr. Mitchell as the father of the child. The chancellor vacated the judgment of paternity on equitable grounds and laches, equitable estoppel and for fraud practiced by the mother in obtaining the judgment. All orders predicated upon the original finding of paternity were deemed unenforceable. On appeal, the appellant, to which the mother assigned her support rights, argues that the chancellor had no authority to invalidate the original order of paternity because the appellee failed to present sufficient proof that the child's mother practiced extrinsic fraud upon the trial court in procuring the judgment. We agree that the appellee failed to present sufficient proof on the fraud question.

On September 21, 1992, the Arkansas Human Services Department, on behalf of Cheryl Mauldin filed a petition for paternity and child support in which it alleged that appellee was the father of Ms. Mauldin's minor child born May 26, 1992. The appellant requested both a "prospective and retrospective" order for support, lying-in expenses, and that appellee be required to reimburse the State for its expenditures and attorney's fees. On March 15, 1993, after appellee failed to appear for the January 25, 1993, hearing, the chancellor entered a judgment of paternity by default, and ordered $25 per week withheld from Mr. Mitchell's wages and twenty-five percent withheld from any unemployment compensation to which he was entitled. The chancellor also directed the bureau of vital statistics to "correct" the child's birth certificate to reflect that appellant was the child's father.

Upon the State's motion, the chancellor entered an order on February 24, 1994, directing Mr. Mitchell to appear on April 25, 1994, and show cause why he should not be held in contempt for failure to comply with the existing order of support. Mr. Mitchell failed to appear for the show-cause hearing, and the chancellor found him to be in contempt of court, remanded him to the cus-

tody of the county sheriff,[1] entered a judgment affirming the previous support order, and granted the appellant an additional judgment in the amount of $1,308 plus $200 as costs. The order of contempt also directed the parties to submit to paternity testing, and ordered Mr. Mitchell to prepay for the necessary testing.

Appellant filed a second motion for citation on February 9, 1996, requesting that appellee be held in contempt for failure to pay $1,975 accrued arrearages, and that he be detained in the county jail. The parties later reached an agreement which was honored by the chancellor, who entered an order on March 29, 1996, requiring appellee to pay $200 for his release. Mr. Mitchell submitted to the paternity test on June 10, 1996, and was excluded as the father of Ms. Mauldin's minor child. The chancellor relied on the test results in his order of August 28, 1996, in which he reversed the finding of paternity.

Mr. Mitchell was again summoned to court on November 8, 1996, after the State filed its third petition for citation against him, this time alleging that he failed to pay the support that accrued between May 10, 1994, and September 6, 1996. The chancellor entered the final decree from which this appeal is taken on February 24, 1997. The court acknowledged the prior judgment of $5,739, but found that at least $2,375 of the accrued arrearages should not be collectable.

For its first argument, appellant correctly contends that the chancellor erred in setting aside the judgment of paternity for fraud practiced on the court in obtaining the judgment. A court may not set aside a judgment after ninety days unless there was some fraud extrinsic to the questions presented for decision, such as where a party is kept away from trial or when a party is corruptly betrayed by his own attorney. *Tanbal v. Hall*, 317 Ark. 506, 878 S.W.2d 724 (1994). Here, the only "fraud" was the mother's failure to state in her affidavit that appellee was not the only possible father of the child. Although this was arguably a

---

[1] The May 10, 1994, judgment provided that Mr. Mitchell could "purge himself of contempt of court" by paying all outstanding arrearages and the $200 costs and attorney's fees to the county sheriff. It is unclear from the record when appellee was released from custody or whether he paid the sums stated in the order.

fraudulent instrument or perjured evidence, it is not extrinsic to the questions decided and does not constitute ground for setting aside the judgment after ninety days.

■ Appellant next contends that the chancellor erred in denying its request for a judgment of child-support arrearages on the basis of the equitable defenses raised by appellee. It argues that equitable defenses are inapplicable under Ark. Code Ann. § 9-14-234 (Supp. 1995), which provides that:

> (b) Any decree, judgment, or order which contains a provision for the payment of money for the support and care of any child or children through the registry of the court shall be final judgment subject to writ of garnishment or execution as to any installment or payment of money which has accrued until the time either party moves through proper motion filed with the court and served on the other party to set aside, alter, or modify the decree, judgment, or order.
>
> (c) The court may not set aside, alter, or modify any decree, judgment, or order which has accrued unpaid support prior to the filing of the motion.

However, it has been held that, in a proper case, equitable defenses such as estoppel may apply so as to prevent the collection of past-due child-support payments. *Burnett v. Burnett*, 313 Ark. 599, 855 S.W.2d 952 (1993); *Ramsey v. Ramsey*, 43 Ark. App. 91, 861 S.W.2d 313 (1993). These holdings have not been affected by *State v. Phillippe*, 323 Ark. 434, 914 S.W.2d 752 (1996), because *Phillippe* was decided on different grounds. The judgment in that case, had been fully executed by payment, no equitable defenses were raised and the appellee therein never attempted to estop enforcement, but instead sought a refund of payments which had already been made.

■ Although the chancellor in the case at bar mentioned appellee's equitable defenses in his order, we are reluctant to affirm on that basis because it is clear from the record as a whole that the chancellor believed that the fact that appellee was not the child's father was itself outcome determinative. This is evinced by the chancellor's refusal to permit appellant to elicit testimony bearing directly on the equities, such as appellee's reasons for failure to comply with court orders. Such matters bear heavily on whether

equity should intervene in a case such as this. *See Grable v. Grable*, 307 Ark. 410, 821 S.W.2d 16 (1991).

■ ■ Although we have the authority to decide chancery cases *de novo*, we may remand where the record is not fully developed and additional evidence may be required to determine where the equities lie. *See Staab v. Hurst*, 44 Ark. App. 128, 868 S.W.2d 517 (1994); *McLain v. McLain*, 36 Ark. App. 197, 820 S.W.2d 295 (1991). In the case at bar, because the chancellor erroneously relied on Ark. R. Civ. P. 60 (C) (4), and failed to make the necessary findings to support his decision on purely equitable grounds, we think that justice would be better served by remanding the outstanding equitable issues to the chancellor, who may take such additional evidence as is necessary to resolve them.

Reversed and remanded.

PITTMAN, GRIFFEN, AREY, and STROUD, JJ., agree.

JENNINGS, J., dissents.

JOHN E. JENNINGS, Judge, dissenting. At about the time this child was conceived, Cheryl Mauldin had sexual relations with two men, one of whom was the appellee, Jeremy Mitchell. Based on her belief that Mitchell was the father of the child, the Office of Child Support Enforcement filed a petition to establish paternity and sought child support. When Mitchell did not file a response, a default judgment was entered.

Later, a DNA test showed that Mitchell was not the father of the child.

The chancellor held that the judgment for child-support arrearages was unenforceable because of laches, estoppel, and unclean hands, and should be vacated and set aside based on fraud practiced by Ms. Mauldin.

The majority's decision not to uphold the chancellor's order on the basis of fraud is undoubtedly correct. There is no evidence of the extrinsic fraud required to set aside a judgment. *See generally* 46 AM. JUR. 2d *Judgments* § 601.

If the judgment for accrued arrearages could be set aside on equitable grounds, a matter I am not willing to concede, there is insufficient basis in the record for doing so here. The majority does not hold otherwise, but instead remands the case to the chancellor, on the grounds that the record is not fully developed. Because I cannot agree that there is any basis for concluding that the record is not fully developed, I would reverse without remand.