Terri Scott SHROYER *v.* Paul David KAUFFMAN

CA 01-275                                   58 S.W.3d 861

Court of Appeals of Arkansas
Division III
Opinion delivered October 24, 2001

268

*Lyons, Emerson & Cone, P.L.C.,* by: *Jim Lyons,* for appellant.

*Sharon P. Glaze,* for appellee.

JOHN B. ROBBINS, Judge. On March 6, 1995, the Sharp County Chancery Court entered a paternity order establishing custody and setting child support pursuant to an agreement between appellant Terri Scott Shroyer (now Corey) and appellee Paul David Kauffman. In the order, Ms. Corey was given custody of the parties' minor child, and Mr. Kauffman was ordered to pay the greater of $300.00 or thirteen percent of his net income as weekly child support. On June 26, 1995, Mr. Kauffman filed a petition requesting a change in custody or, alternatively, a reduction in child

support. The chancery court entered an order of dismissal on January 26, 1998, for want of prosecution.

On November 5, 1999, Ms. Corey filed a "petition for a show cause hearing and other equitable relief," and in her petition prayed for $40,685.00 in delinquent child support. In his answer, Mr. Kauffman asserted that "the parties entered into an agreement in March 1996, whereby [appellant] would not pursue custody of the minor child of the parties, visitation would be more liberal, and child support would be reduced to the sum of $150.00 per week." After a hearing, the chancery court entered an order stating, in pertinent part:

> 3. The Order setting the amount of child support at $300.00 per week remained effective until March 18, 1996, whereupon the parties agreed that child support should be reduced to the amount of $150.00 per week. . . .

> 4. An Order was signed by the Chancery Judge reducing the amount of child support to $150.00 per week. The Plaintiff decided that she was not in agreement with the Order reducing the child support amount and the Chancery Clerk was instructed by the Chancery Judge that the Order should not be entered into the record.

> 5. The Defendant was without notice that the agreement had been canceled by the Plaintiff, and relied on the agreement until served with notice that an Agreed Order had not been entered, with said notice being served upon Defendant by Plaintiff's attorney on November 19, 1999.

> 6. The amount of child support owed to Plaintiff for the support of the minor child should be as set forth in the Order entered March 2, 1995 [filed March 6, 1995] except for the period from March 18, 1996 until November 19, 1999, which is the period excluded by the agreement. Child support due for the period of the agreement should have been paid at the rate of $150.00 per week.

Pursuant to the above findings, the chancery court calculated the child-support arrearage to be only $16,195.00, and ordered Mr. Kauffman to pay that amount and to continue making child-support installments at a rate of $300.00 per week.

Ms. Corey now appeals from the order of the chancery court, arguing that the chancery court erred by retroactively reducing child support for the period from March 18, 1996, through November 19, 1999. Ms. Corey asserts that the original order setting child support at $300.00 per week remained in effect because there was no agreement as to reduction and no order was entered reducing support.

We review chancery cases *de novo* on the record, but we do not reverse a finding of fact by the chancellor unless it is clearly erroneous. *Stewart v. Stewart*, 72 Ark. App. 405, 37 S.W.3d 667 (2001). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed. *Norman v. Norman*, 342 Ark. 493, 30 S.W.3d 83 (2000).

Dick Jarboe testified at the hearing. He stated that he is an attorney and represented Ms. Corey in 1996. Mr. Jarboe indicated that during a deposition in February 1996 a tentative settlement agreement was reached between the parties. Thereafter, opposing counsel sent Mr. Jarboe a copy of the proposed order, and he submitted it to Ms. Corey for approval. Ms. Corey never approved the order, so Mr. Jarboe also refused to approve it. Mr. Jarboe stated that after July 1996, he expressed to opposing counsel that Ms. Corey had not approved the order.

Tommy Estes, Sharp County Chancery Clerk, determined that, according to his records, the child-support arrearage in this case is $43,435.00. Mr. Estes indicated that in 1996 he received an order from Mr. Kauffman's counsel that purported to reduce the child-support obligation to $150.00 per week, and that the order was signed by the chancery judge. However, prior to this time Mr. Estes had been contacted by Ms. Corey, who told him that she did not agree with the order and not to file it. Upon receiving the order, Mr. Estes called Mr. Kauffman's counsel and informed her that there was an objection to the order and that he was not going to file it before consulting with the judge. On September 24, 1996, the judge instructed Mr. Estes to send the order back to Mr. Kauffman's counsel, and while he did not send it back he called her that same day and gave notification that the order was not being filed pursuant to the judge's direction. The order was never filed.

Ms. Corey testified on her own behalf, and asserted that she has not received child support on a consistent basis since entry of the original order. She acknowledged that during a deposition she

agreed to give Mr. Kauffman increased visitation rights, but could not recall agreeing to a reduction in child support. She remembered receiving the order showing a reduction in support and refusing to approve it. Ms. Corey indicated that she assumed that the payments received from Mr. Kauffman represented $300.00 per week because most of them were amounts that were multiples of three hundred. On September 15, 1999, she received a $1200.00 check from Mr. Kauffman with the notation "from 8/15 to 9/15." Ms. Corey maintained that she was not aware that Mr. Kauffman was claiming that there was an agreement to reduce child support to $150.00 per week until after she filed her petition requesting arrearages.

Mr. Kauffman testified that, during lunch break on the day of the deposition in February 1996, Ms. Corey told him that if he would drop his petition for changing custody, she would liberalize visitation and agree to a reduction in child support. After the agreement, visitation was liberalized and, according to Mr. Kauffman, Ms. Corey visited him in March 1996 and showed him the proposed order. She allegedly told him "if it was okay" the chancery judge would sign it that day. He testified that his attorney never contacted him and informed him that nothing had been filed. Mr. Kauffman stated that he believed the order had been filed until being informed otherwise when Ms. Corey filed her petition for support arrearages in November 1999.

For reversal, Ms. Corey argues that the chancery court erred in reducing Mr. Kauffman's child-support obligation to $150.00 from March 18, 1996, through November 19, 1999. She contends that, although there was evidence of some verbal agreement between the parties, the terms of the agreement remain unclear. While an order was reduced to writing, it is undisputed that neither Ms. Corey nor her counsel signed it, it was never filed of record, and Mr. Kauffman's attorney was made aware that the order was not filed. Ms. Corey submits that Mr. Kauffman is charged with the knowledge of his attorney and was thus on notice that the disputed order reducing child support was not entered. Ms. Corey asserts that Mr. Kauffman could not have detrimentally relied on the provisions of the disputed order because he was on notice that it was not filed, and further could not demonstrate reliance because he undisputedly failed to stay current on his payments even under his alleged misunderstanding that he pay only $150.00 per week.

■ Chancery courts are not supposed to recognize private agreements modifying the amount of child support because of the

mandate of Ark. Code Ann. §§ 9-12-314(b) (Repl. 1998) and 9-14-234(b) (Repl. 1998), which provide:

> (b) Any decree, judgment, or order which contains a provision for the payment of money for the support and care of any child or children through the registry of the court or the Arkansas child support clearinghouse shall be final judgment subject to writ of garnishment or execution as to any installment or payment of money which has accrued until the time either party moves through proper motion filed with the court and served on the other party to set aside, alter, or modify the decree, judgment, or order.

*See Burnett v. Burnett*, 313 Ark. 599, 855 S.W.2d 952 (1993); *Sullivan v. Edens*, 304 Ark. 133, 801 S.W.2d 32 (1990). In *Burnett v. Burnett, supra,* the appellee was ordered to pay $140.00 in weekly child support, but later decided to reduce his payments due to a decrease in his earnings. The appellee testified that, although no order modifying support had been entered, the appellant had agreed to accept the reduced payments, and did so without complaint for a period of several months. The chancery court retroactively modified the appellee's child-support obligation due to material changes, but the supreme court reversed, holding that the actions of the appellant did not justify the application of estoppel to prevent the collection of past-due child-support payments.

In the case at bar, Mr. Kauffman did not rely on decreased income as grounds to reduce his child-support obligation, but did allege that a verbal agreement was reached to reduce weekly child support to $150.00. However, his testimony was contradictory in that he stated that, after Ms. Corey showed him the proposed order, "I continued to pay two hundred dollars a week." The payments made by Mr. Kauffman were so sporadic in frequency and amount that they provide no guidance as to what weekly amount he intended to pay. However, it is significant that in September 1999, a payment of $1200.00 was accompanied by a notation that it covered a one-month period, which indicates an acknowledgment that the prior order remained in effect.

█ Even if a verbal agreement reducing child support was made by the parties, it is undisputed that Mr. Kauffman's attorney drafted and attempted to reduce the agreement to a written order, but none was ever entered because Ms. Corey refused to approve it. Mr. Kauffman testified that he was never informed by his counsel that the order had not been filed; however, on July 29, 1996, his

counsel mailed a letter to the chancery judge acknowledging that the order had not been approved, and the letter reflects that a copy was sent to Mr. Kauffman. But even if Mr. Kauffman received no formal notice from his counsel, as he alleges, his counsel's knowledge is imputed to him. *See Midwest Timber Prods. Co. v. Self,* 230 Ark. 872, 327 S.W.2d 73 (1959). It is not disputed that Mr. Kauffman's counsel knew that the proposed order was being contested and was not filed of record.

■ Nothwithstanding the clarity of the statutory language prohibiting retroactive modification of child support, we have recognized an exception to *enforcement* in the collection of child support arrearage. *See Roark v. Roark,* 34 Ark. App. 250, 809 S.W.2d 822 (1991) (custodial parent had unclean hands because she interfered with visitation); *Ramsey v. Ramsey,* 43 Ark. App. 91, 861 S.W.2d 313 (1993) (noncustodial parent resided with custodian and children after divorce and provided direct support to family); *State Office of Child Supp. Enforcem't v. Mitchell,* 61 Ark. App. 54, 964 S.W.2d 218 (1998) (alleged that custodial parent was less than candid in identifying defendant as child's father in paternity proceeding).

■ In the present case, however, while the trial court observed that appellee had relied on the agreement between March 18, 1996, and November 19, 1999, there was no specific finding of an equitable defense. Equitable promissory estoppel requires the innocent party to rely to his detriment on an oral agreement. *See Taylor v. Eagle Ridge Developers, LLC,* 71 Ark. App. 309, 29 S.W.3d 767 (2000). Even if appellee relied on the agreement, as found by the trial court, there is no evidence that he did so to his detriment. The consequence of his reliance was all to his benefit, without any corresponding detriment.

■ Under these facts, there is no equitable defense to the enforcement of Mr. Kauffman's support obligation; therefore, the chancery court's failure to enforce its original support order was clearly erroneous. We reverse and remand for the chancery court to calculate Mr. Kauffman's arrearages pursuant to the provisions of the original order setting child support.

Reversed and remanded.

BAKER and ROAF, JJ., agree.