Betty Sue Carter BRANCH *v.* Kyle Dean CARTER

96-754                                                    933 S.W.2d 806

Supreme Court of Arkansas
Opinion delivered November 25, 1996

*Dunham & Faught, P.A.*, by: *James S. Dunham*, for appellant.

*Buddy Hixson*, for appellee.

ANDREE LAYTON ROAF, Justice. Appellant Betty Carter Branch appealed an order of the Logan County Chancery Court holding that appellee Kyle Dean Carter was not liable for child-support arrearages which accrued prior to July 20, 1989, because they were barred by the five-year statute of limitations in Ark. Code Ann. § 16-56-115 (1987). The Arkansas Court of Appeals reversed the decision of the chancellor and held that Act 870 of 1991, codified as Ark. Code Ann. § 9-14-236 (Repl. 1993), applied retroactively to expand the statute of limitations for causes of action for delinquent child-support payments not barred on the date of its enactment. *Branch v. Carter*, 54 Ark. App. 70, 923 S.W.2d 874 (1996). We granted Mr. Carter's request for review of the Court of Appeals' decision pursuant to Ark. S. Ct. R. 1-2(f). We affirm the Court of Appeals.

On July 19, 1983, Ms. Branch and Mr. Carter were divorced by a decree in which Carter was ordered to pay child support at the rate of $52 per week. On May 18, 1994, Branch filed a petition for citation and alleged that Carter was delinquent in his support payments. At a hearing on October 26, 1994, the parties stipulated that Carter owed arrearages of $7,404 for the period of July 19, 1989 to the date of the hearing, and Branch was granted judgment for this amount. The order further provided that the parties would stipulate as to the amount of arrearages that accrued prior to July 19, 1989, and would brief the court on the issue of the statute of limitations as it applied to those arrearages.

On March 2, 1995, the chancellor entered a final order which stated that the parties had stipulated that child-support arrearages had accrued between July 19, 1984 and July 19, 1989 in the amount of $12,251.50. The parties further stipulated that, of this amount, $5,562 had accrued between July 19, 1986 and July 19, 1989. The chancellor ruled that the action for arrearages accruing prior to July 20, 1989 was barred by the statute of limitations.

On appeal, Branch argues in essence that Act 870 of 1991, now codified as Ark. Code Ann. § 9-14-236 (Repl. 1993), applies retroactively so that all causes of action still in existence on the date

the Act became effective would benefit from an enlarged statute of limitations. She contends that the five-year statute of limitations relied upon by the trial court only bars the recovery of support payments due prior to July 19, 1986. Although the effective date of Act 870 was March 29, 1991, we agree that the Act applies retroactively to all causes of action not barred on the date of its enactment. Branch made claim to the sum of $5,562 which accrued between July 19, 1986 and July 19, 1989, and we agree that she is entitled to recover this amount.

Because the legislature has in recent years twice changed the statute of limitations with regard to collection of delinquent child support, we must review these legislative enactments and the cases in which we have recently considered the issue of the limitations period applicable to actions for child-support arrearages.

In *Sullivan* v. *Edens*, 304 Ark. 133, 801 S.W.2d 32 (1990), we recognized that prior to 1989 the collection of arrearages accruing as a result of failure to comply with an order of child support was governed by the general five-year statute of limitations. Ark. Code Ann. § 16-56-115 (1987). In 1989, the legislature established a ten-year statute of limitations specifically for the collection of child-support arrearages. 1989 Ark. Acts 525 (codified at Ark. Code Ann. § 16-56-129 (Supp. 1993)). However, because Act 525 did not repeal the general five-year statute and contained no retroactivity provision, we held that the ten-year statute of limitation did not apply retroactively, and that the former statute of limitations controlled for all causes of action already accrued on the date of enactment of Act 525. *Sullivan, supra.* Consequently, we concluded that "the old five-year statute of limitation is applicable to those support payments due prior to the effective date of the new act, and the new ten-year statute of limitation is applicable to payments accruing after the effective date of the new act." *Id.*

In response, the General Assembly enacted Act 870 of 1991, which repealed Act 525 of 1989 and became effective on March 29, 1991. The Act provides in relevant part:

> (b) In any action involving the support of any minor child or children, the *moving party shall be entitled to recover the full amount of accrued child support arrearages from the date of the initial support order until the filing of the action.*

> (c) Any action filed pursuant to subsection (b) may be

brought at any time up to and including five (5) years beyond the date the child for whose benefit the initial support order was entered reaches the age of eighteen (18) years.

(d) No statute of limitation shall apply to an action brought for the collection of a child support obligation or arrearage against any party who leaves or remains outside the State of Arkansas with the purpose to avoid the payment of child support.

(e) This section shall apply *to all actions pending as of March 29, 1991, and filed thereafter and shall retroactively apply to all child support orders now existing.*

1991 Ark. Acts. 870 (codified at Ark. Code Ann. § 9-14-236 (Supp. 1995) (Emphasis supplied.) The statute of limitations for child support thus now commences with an initial order of support and extends until the child reaches the age of twenty-three.

■ We were first presented with the opportunity to interpret Act 870 of 1991 in *Johnson* v. *Lilly*, 308 Ark. 201, 823 S.W.2d 883 (1992), in which we recognized that the legislature has the power to amend statutes of limitation affecting causes of action *which are not yet barred. See also Sullivan, supra; Chunn* v. *D'Agostino*, 312 Ark. 141, 847 S.W.2d 699 (1993). However, in *Johnson*, at issue was a complaint for arrearages filed on January 2, 1991, prior to the enactment of Act 870, and a ruling by the trial court that Act 870 applied retroactively to revive a cause of action for arrearages which accrued prior to January 2, 1986. *Id.* We held that the action for arrearages which accrued prior to January 2, 1986 was already barred on the date the petition was filed, and that Act 870 could not retroactively revive a cause of action already barred on the date of its enactment. *Id.* We thus did not consider the effect of Act 870 on a cause of action for arrearages not yet barred on the *date of enactment. Id.* Furthermore, our decision in *Johnson* did not turn on the fact that the complaint for arrearages was filed prior to the passage of Act 870; the decision would have been the same had the complaint been filed on or after March 29, 1991. *Id.*

We next considered the retroactive application of Act 870 of 1991, in *Chunn, supra.* As in *Johnson, supra,* the appellants in *Chunn* sought by petition filed in September, 1991, to apply Act 870 retroactively to a claim for arrearages which accrued prior to July 16, 1981, more than *nine years* before the enactment of Act 870. We

again held that the new statute could not revive a claim already barred, even though the petition for arrearages was filed by the children entitled to support and not the mother.

■ Moreover, in both *Johnson, supra*, and *Sullivan, supra*, we relied upon *Morton v. Tullgren*, 263 Ark. 69, 563 S.W.2d 422 (1978), where we wrote:

> [N]o one has any vested right in a statute of limitations until the bar of the statute has become effective. It is also true that the General Assembly may validly enlarge the period of limitations and make the new statute, rather than the old, apply to any cause of action *which has not been barred* at the time the new statute becomes effective.

(Emphasis supplied.) In *Morton, supra*, we noted that the critical question is one of legislative intent. We found that the legislature had not made the new statute of limitations retroactive, and that there was in fact nothing to indicate that the legislature intended to do so. *Id.* We stated: "the amendatory act does not extend the statutory period unless the legislative intention that it do so is expressly stated." *Id.* We further commented:

> The rationale of our holdings that a statute extending the period of limitations is applicable only to causes of action arising after the act becomes effective, unless expressly made retroactive, is not based upon any vested right in the statute of limitations. It is based upon the strong presumption that a legislative act is not intended to operate retroactively.

*Id. See also Ragland v. Travenol Labs., Inc.*, 286 Ark. 33, 689 S.W.2d 349 (1985).

■ In the instant case, the General Assembly has clearly mandated that the enlarged limitations period in Act 870 of 1991 "shall retroactively apply to all child support orders now existing." Thus, the legislature has expressly declared its intent to make the enlarged limitations period retroactive. The legislature, however, only has the power to amend statutes of limitation affecting causes of action *which are not yet barred. See Johnson, supra*. Because the effective date of Act 870 is March 29, 1991, any cause of action by Branch for arrearages accruing prior to March 29, 1986 is barred, and cannot be revived by its passage. As to support payments due on or after March 29, 1986, the legislature may retroactively expand

the statute of limitation for causes of action not yet barred, and that is precisely the effect of Act 870 of 1991.

Carter argues that neither the ten-year statute in effect from July 3, 1989 until the passage of Act 870, nor Act 870 applies retroactively to the arrearages which accrued prior to July 19, 1989. He relies on our holding in *Johnson, supra,* for this interpretation. However, he has failed to recognize the factual distinction in *Johnson,* which involved a claim for arrearages which accrued prior to January 2, 1986. Our holding today, that Act 870 does not revive claims for arrearages accruing prior to March 29, 1986, is in harmony with both *Johnson, supra,* and *Chunn, supra.*

In sum, it is black-letter law that the legislature may retroactively expand a statute of limitations for a cause of action still in existence at the time the limitations period is expanded. We have so stated in *Johnson, supra; Chunn, supra; Sullivan, supra; and Morton, supra.* Branch's cause of action for child-support payments due on July 19, 1986, and thereafter was in existence at the time the statute of limitation was retroactively expanded on March 29, 1991. Thus, the chancellor erred in concluding that her specific claim against Carter for $5,562 was barred by the five-year statute.

Accordingly, we agree with the Court of Appeals that Branch is entitled to recover $5,562 additional support for the period of July 19, 1986 to July 19, 1989, plus the statutory attorneys fees, and interest provided under Ark. Code Ann. § 9-14-223 on the total arrearages owed of $12,966. We affirm the holding of the Court of Appeals.