Donald C. KING *v.* STATE of Arkansas,
Office of Child Support Enforcement

CA 96–1370                                952 S.W.2d 180

Court of Appeals of Arkansas

Division II

Opinion delivered September 17, 1997

*Vowell & Atchley, P.A.*, by: *Stevan E. Vowell*, for appellant.

*Lori Hoggard*, for appellee.

JOHN F. STROUD, JR., Judge. Donald King has appealed from an order of the Carroll County Chancery Court granting judgment to appellee, Office of Child Support Enforcement, in the amount of $28,240.67 for child-support arrearages owed to Candida Paschall that had accrued since August 2, 1979. We hold that the chancellor should have applied Arkansas's statute of limitations and remand this case for a determination of the amount of arrearages owed by appellant.

Appellant and Ms. Paschall were divorced in Nevada on August 2, 1979, and appellant was ordered to pay $150.00 per month in child support. On May 18, 1995, appellee filed a motion in Carroll County, Arkansas, alleging that appellant had failed to comply with the Nevada order and requesting judgment for arrearages through March 31, 1995, in the amount of $27,600.00. The Nevada order was registered with the Arkansas court, and a hearing was held to determine the amount of arrearages owed by appellant.

At the hearing, the chancellor raised the issue of the statute of limitations. Appellee's counsel responded that the Nevada statute of limitations should apply, but he did not know the precise date at which it would terminate appellee's right to obtain arrear-

ages. Appellant's attorney argued that the Arkansas statute of limitations should apply. Appellee's counsel then asserted that appellant could not raise this defense because he had failed to do so in his pleadings. At that point, appellant moved to amend his pleadings to conform to the proof. Although the chancellor did not specifically rule on appellant's motion, he continued to discuss the statute of limitations issue with counsel for both parties. At the conclusion of the hearing, the chancellor directed counsel to provide him with the Nevada statute of limitations. On July 19, 1996, the chancellor entered judgment against appellant in the amount of $28,240.67 for arrearages that had accrued since August 2, 1979. In the judgment, the chancellor did not mention the statute of limitations and did not apply either the Arkansas or the Nevada statute.

In his brief, appellant argues that the chancellor erred in awarding judgment for arrearages dating back to the original divorce decree. In response, appellee contends that, because appellant did not raise the affirmative defense of statute of limitations as a defense in his pleadings, he cannot now argue that issue on appeal. It is true that the statute of limitations is an affirmative defense that must be specifically pled. Ark. R. Civ. P. 8(c), *Smallwood v. Ellis Gin Co.*, 10 Ark. App. 41, 661 S.W.2d 410 (1983). Although appellant did not raise this issue in his pleadings, he did move to amend the pleadings to include this defense after the chancellor had raised this issue and discussed it at length with counsel for both parties. In fact, the hearing concluded with the chancellor directing counsel to supply him with applicable Nevada law, which he would not have needed if he had not considered the pleadings to be amended to include the statute of limitations defense. That he considered the pleadings to be amended is clear to us from his actions, if not his words.

Arkansas Rule of Civil Procedure 15(b) provides:

When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to

> amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended in its discretion. The court may grant a continuance to enable the objecting party to meet such evidence.

The trial court is vested with broad discretion in allowing or denying amendments to pleadings. *Cawood v. Smith,* 310 Ark. 619, 839 S.W.2d 208 (1992). Given the extensive discussion of this defense at the hearing and the chancellor's delay in making a decision until the parties supplied him with the Nevada statute of limitations, we cannot say that he abused his discretion in considering the issue. However, we conclude that once the chancellor considered this issue, he erred in not applying the Arkansas statute of limitations.

Arkansas Code Annotated § 9-17-604(b) (Repl. 1993), which is part of the Uniform Interstate Family Support Act, provides: "In a proceeding for arrearages, the statute of limitation under the laws of this state or of the issuing state, whichever is longer, applies." *See Durham v. Arkansas Dep't of Human Servs.,* 322 Ark. 789, 912 S.W.2d 412 (1995). Our current statute, Ark. Code Ann. § 9-14-236 (Supp. 1995) (Act 870 of 1991), provides that the statute of limitations for child support now commences with an initial order of support and extends until a child reaches the age of twenty-three. However, in *Branch v. Carter,* 326 Ark. 748, 933 S.W.2d 806 (1996), the supreme court affirmed our decision in *Branch v. Carter,* 54 Ark. App. 70, 923 S.W.2d 874 (1996), and held that Act 870 of 1991 cannot be retroactively applied beyond March 29, 1986. Therefore, any cause of action for child-support arrearages accruing prior to March 29, 1986, is barred.

Citing *McKellar v. McKellar,* 110 Nev. 200, 871 P.2d 296 (1994), appellant and appellee state that the law of Nevada would bar the recovery of any arrearages which accrued more than six years prior to May 18, 1995 (when appellee's motion for citation was filed). Both parties argue that, under Nevada law, all child-support arrearages accruing prior to May 18, 1989, would be barred and, under Arkansas law, all child-support arrearages accruing prior to March 29, 1986, would be barred in this case.

Although appellant urged the chancellor to apply the Arkansas statute of limitations at the hearing, he now argues that the chancellor should have applied the Nevada statute of limitations to bar all arrearages accruing prior to May 18, 1989. We cannot agree. It is clear, for the purpose of this case, that the Arkansas limitations period is longer than that of Nevada and should have been applied.

In its brief, appellee urges this court, if it chooses to apply the Arkansas statute of limitations, to modify the judgment against appellant to $16,240.67. It is true that we consider chancery appeals *de novo*, and where the record is sufficiently developed, we may enter the order which the chancellor should have entered. *See Cochran v. Cochran*, 309 Ark. 604, 832 S.W.2d 252 (1992). However, we find the interests of justice would be better served in this case by remanding this issue to the chancellor in order that he can compute the arrearages after applying the Arkansas statute of limitations.

Reversed and remanded.

ROBBINS, C.J., and BIRD, J., agree.