Sharon Harris COLE *v.* Olen D. HARRIS

97-421                                               953 S.W.2d 586

Supreme Court of Arkansas
Opinion delivered October 30, 1997

*William F. Cavenaugh*, for appellant.

*Harrell & Lindsey, P.A.*, by: *Searcy W. Harrell, Jr.*, for appellee.

RAY THORNTON, Justice. The issue in this case is whether the statute of limitations bars the action for child-support arrearages brought by appellant Sharon Harris Cole on behalf of her child, Brian Lynn Harris. Brian was born on July 11, 1972. On July 9, 1974, the chancery court granted appellant a divorce from appellee Olen Dale Harris and awarded her weekly child support of $15.00.

Eleven months after Brian turned twenty-three years of age, appellant filed a notice of income withholding for child support. Appellee petitioned to terminate the child-support collections, claiming that appellant's action was barred by the statute of limitations, which had run at Brian's twenty-third birthday. The trial court granted the petition, and appellant brings this appeal. Appellant contends that the trial court committed reversible error in applying the wrong statute of limitations. We find no error and affirm.

We have recently addressed the question of what statute of limitations applies in actions to collect child-support arrearages. *Branch v. Carter*, 326 Ark. 748, 933 S.W.2d 806 (1996). We interpreted Act 870 of 1991, codified at Ark. Code Ann. section 9-14-236 (Supp. 1995), as follows: "The statute of limitations for child support thus now commences with an initial order of support and extends until the child reaches the age of twenty-three." *Branch*, 326 Ark. at 751, 933 S.W.2d at 807.

Appellant contends that the trial court erred in applying Ark. Code Ann. section 9-14-236 in this case. She argues that the 1987 legislative enactment of Ark. Code Ann. section 9-14-234 (Supp. 1995), stating that accrued child-support arrearages are enforceable as final judgments, makes Ark. Code Ann. section 16-56-114 (1987), a ten-year limitation period for general collection of civil judgments, applicable to actions to collect child-support arrearages. This is a novel argument, and we proceed with our review of the legislative actions and judicial principles that guide our analysis.

■ The general limitation for filing actions on all judgments and decrees, enacted in 1844, provides the following: "Actions on all judgments and decrees shall be commenced within ten (10) years after [the] cause of action shall accrue, and not afterward." Ark. Code Ann. § 16-56-114. In *Brun v. Rembert*, 227 Ark. 241, 297 S.W.2d 940 (1957), we determined that this ten-year statute of limitations did not apply to child-support payments since the order for child support is not a final decree. Instead, we held that a general five-year statute of limitations applied. *Id.* at 243, 297 S.W.2d at 943 (applying Ark. Stat. Ann § 37-213, later replaced by Ark. Code Ann. § 16-56-115 (1987)).

■ In 1987, the legislature adopted the following language concerning child-support payments:

> Any decree, judgment, or order which contains a provision for the payment of money for the support and care of any child or children through the registry of the court *shall be final judgment* as to any installment or payment of money which has accrued until the time either party moves through proper motion filed with the court and served on the other party to set aside, alter, or modify the decree, judgment, or order.

1987 Ark. Acts 1057 (codified at Ark. Code Ann. § 9-12-314(b); readopted in 1989 at § 9-14-234(a)) (emphasis added). This Act was adopted to ensure that child-support programs of the State of Arkansas would qualify for future federal funding. *Sullivan v. Edens*, 304 Ark. 133, 137, 801 S.W.2d 32, 34 (1990). We note, however, that there was no expression of any legislative intent to

contemporaneously revive the ancient, general ten-year provision that appellant urges us to adopt now.

■ The legislature then enacted "AN ACT to Set a Ten-Year Statute of Limitations on Collection of Child Support Arrearages; and for Other Purposes." 1989 Ark. Acts 525, *repealed by* 1991 Ark. Acts 870 and 1995 Ark. Acts 1184, § 30. The legislature had never before specifically provided a limitation on child-support actions, and Act 525 provided the following, in pertinent part:

> In all cases where the support of any child or children is involved, an action for the enforcement of child support or for judgment of arrearages shall be limited to ten (10) years prior to the filing of the action.

*Id.* § 1 (codified at Ark. Code Ann. §§ 9-56-129 and 9-14-236). This Act would have been redundant if the 1987 statute had revived the effectiveness of the ten-year general statute of limitations under Ark. Code Ann. section 16-56-114.

■ In *Sullivan v. Edens*, we stated that although the legislature had clearly extended the statute of limitations to ten years prospectively, the Act did not operate retroactively to extend the five-year limit on actions that were already barred because it did not repeal the former statute of limitations provision. *Sullivan,* 304 Ark. at 135, 801 S.W.2d at 33. Of course, if the 1844 limitation had been revived, there would have been no issue of retroactive effect. Because of the issue of retroactivity, we held that the general five-year statute of limitations at Ark. Code Ann. section 16-56-115 was applicable to causes that had already accrued as of the date that the new statute was enacted. *Id.*

■ After *Sullivan*, the legislature enacted provisions repealing the ten-year statute of limitations and providing that child support actions can be "brought at any time up to and including five (5) years beyond the date the child for whose benefit the initial support order was entered reaches the age of eighteen (18) years." 1991 Ark. Acts 870, §§ 1 and 2 (current version at Ark. Code Ann. §§ 9-14-105 and 9-14-236). Furthermore, the Act repealed all laws in conflict with its provisions and included a clause for the changes to apply retroactively to all child-support orders existing

as of March 29, 1991. *Id.* §§ 1, 2, and 5. This expanded statute of limitations remains in effect.

■ It is clear to us that the legislative intent was not to revive the ten-year limitation under the 1844 general limitation statute. The rules of statutory construction give a result that is harmonious with this legislative history. The following rule of statutory construction is instructive on this point:

> When two or more statutes of limitation deal with the same subject matter, *the statute which is more recent and specific will prevail over the older and more general one.* In fact it has been held that where two constructions concerning the limitation period are possible, the courts prefer the one that allows the longer period.

3A Norman J. Singer, Sutherland Stat. Const. § 70.03 (5th ed. 1992) (emphasis added).

■ By specifically repealing the ten-year statute of limitations that was previously enacted under Act 525 of 1989, the legislature made clear its intention that a ten-year statute of limitations should not apply to actions for child-support arrearages. The effect of the legislature's action in adopting Act 870 of 1991 was to expand the time in which a cause of action could be maintained, thereby affording a greater opportunity for a parent or child to collect child-support payments than the ten-year statute that it repealed. *Branch,* 326 Ark. at 752, 933 S.W.2d at 808. We hold that the limitation period found at Ark. Code Ann. section 9-14-236 applies to the action before the court.

Appellant also contended before the trial court that her use of the 1844 general ten-year statute of limitations to collect payments eleven months after Brian turned twenty-three tolled the ten-year statute of limitations with respect to all other arrearages. Because we have determined that the ten-year statute, section 16-56-114, does not apply to actions for child-support arrearages, we do not reach this argument.

We conclude that the Chancellor applied the correct statute of limitations and that because appellant brought this cause of action after her child turned twenty-three, the decision of the chancery court was not in error.

Affirmed.