Patricia (Langhard) SANDERSON *v.* Olen D. HARRIS

97-423                                                        957 S.W.2d 685

Supreme Court of Arkansas
Opinion delivered December 11, 1997

*Office of Child Support Enforcement*, by:  *William F Cavenaugh*, for appellant.

*Harrell & Lindsey, P.A.*, by: *Searcy W. Harrell, Jr.*, for appellee.

ANNABELLE CLINTON IMBER, Justice.  At issue in this case is whether the general ten-year statute of limitations for actions on judgments applies to actions to collect support arrearages payable through the registry of the court, which become final judgments as they accrue pursuant to Ark. Code Ann. § 9-14-234(b) (Supp. 1995).  The trial court concluded that the ten-year statute of limitations did not apply, and barred the appellant's action to obtain income withholding from the obligor's employer following the twenty-third birthdays of the two children involved.  We affirm the trial court's ruling.

An August 27, 1987 judgment entered in Nevada County Chancery Court case number 4897-2 recited that on March 5, 1985, Olen Dale Harris was ordered to pay $15 weekly child support in two separate cases, chancery case number 4897-2 and county case number CC-82-5.  The trial court assumed jurisdiction over CC-82-5, "merging" it with 4897-2 because the parties in both cases were the same.  Since the entry of the 1985 order, the trial court found that $3,520 in total arrearage had accrued —

$1,760 with respect to the minor child Amanda (date of birth February 23, 1972), and $1,760 as to the minor child Matthew (date of birth December 1, 1969). The trial court reduced this amount to judgment and ordered Harris to pay $10 weekly in each case, for a total of $20 weekly, towards satisfying this judgment. The trial court additionally found that the circumstances of the parties had changed and that following August 28, 1987, Harris would be obligated to pay $30 weekly in support in each case, for a total of $60 weekly. All support payments were ordered paid through the registry of the court. Patricia Harris, the mother of the children, agreed that Elizabeth Durham, apparently Matthew's grandmother, would be entitled to receive the support payments as to Matthew.

On April 28, 1988, Patricia Sanderson (formerly Harris) petitioned the trial court for Harris to appear and show cause, alleging that he had failed to pay child support accruing since August 28, 1987, and that he had failed to pay on the judgment rendered against him on August 28, 1987. On October 5, 1988, the trial court entered an order finding Harris in contempt and $5,560 in arrears. The record then shows various notices of income withholding filed against two of Harris's purported employers. A December 31, 1992 notice served on Dwayne Lee Logging shows $30 weekly withholding on a $2060 amount past due in case number 4897-2. This is followed by two notices served on Smackover Motors, Inc., on May 31, 1996. One shows $30 weekly withholding on a $1940 amount past due in CH4897-2, while the other reflects $30 weekly withholding on a $5570 amount past due in CH-4897.

On June 24, 1996, Harris petitioned the trial court in case number 4897 to enter an order relieving him and his employer, Smackover Motors, Inc., from paying additional support, claiming that the children involved in the proceeding had already turned twenty-three and that the limitations period had run. OCSE filed an answer and counterclaim in case number 4897-2. In its answer, OCSE clarified that the August 27, 1987 order merged 4897-2, involving Patricia Sanderson, and CC-82-5, involving Elizabeth Durham, into case number 4897-2. Under this order, both children were provided for, with $30 weekly going to Elizabeth Dur-

ham for Matthew and $30 weekly going to Patricia Sanderson for Amanda. While conceding that both children had reached the age of majority, OCSE argued that Ark. Code Ann. §§ 9-14-235 (Supp. 1995) and 9-14-236 (Supp. 1995) entitled it to collect the child-support payments, "which are in arrears from the initial order." OCSE also counterclaimed on the $60 weekly support provided for in the August 27, 1987 order, alleging that Harris was $2,580 in arrears as of July 31, 1996.

A "Stipulation of Transcript" reflects that the trial court held a hearing on September 26, 1996, where Harris argued that since the children were older than twenty-three, the limitations period found in Ark. Code Ann. § 9-14-236 barred any attempt at collection. OCSE responded that the accrued arrearages "should be considered as final judgments" pursuant to Ark. Code Ann. § 9-14-234(b)-(c) (Supp. 1995). Following the submission of briefs, the trial court entered an order on October 30, 1996, granting Harris's petition to terminate given "that actions to enforce child support are barred by a statute of limitations which runs five years after the eighteenth birthday of the child." Sanderson appeals from this order.

█ For her sole point on appeal, Sanderson argues that the general ten-year limitations period for actions on judgments, Ark. Code Ann. § 16-56-114 (1987), applies to accrued support arrearages under Ark. Code Ann. § 9-14-234, which provides that accrued support installments payable through the registry of the court become final judgments.[1] This issue was decidedly resolved in a recent case involving the same obligor, *Cole v. Harris*, 330 Ark. 420, 953 S.W.2d 586 (1997). In *Cole* we determined that the enactment of Act 1057 of 1987, codified at Ark. Code Ann. § 9-14-234 and providing for the finality of accrued installments, was done to ensure state qualification for future federal funding,

---

[1] We are cognizant of the fact that, at least at the trial court level, this case involved two distinct claims. One to collect arrearages that had accrued since the August 27, 1987 judgment, and another to collect on the *judgment* that Sanderson had obtained on August 27, 1987. However, Sanderson's argument on appeal is limited in scope to the accrued arrearages that became final judgments by operation of law under Ark. Code Ann. § 9-14-234, and contains no mention of the arrearage that had been reduced to judgment on August 27, 1987.

and was not accompanied by any legislative expression to revive the general ten-year limitations period. *Cole, supra.*[2] Indeed, by repealing the former ten-year limitations period for support arrearages formerly provided for by Act 525 of 1989, *see* 1991 Ark. Acts 870 §§ 1-2 (codified at Ark. Code Ann. §§ 9-14-105 and 9-14-236), the General Assembly had "made clear its intention that a ten-year statute of limitations should not apply to actions for child-support arrearages." *Cole, supra.* Thus, the specific limitations provision found in Ark. Code Ann. § 9-14-236 governed the accrued arrearages, and the appellant's action to collect arrearages more than five years after the child's eighteenth birthday was barred. *Cole, supra.*

██ We disagree with Sanderson's contention that the General Assembly intended that the limitations period found in Ark. Code Ann. §9-14-236 apply only to arrearages not paid through the registry of the court. Such a distinction would leave the limitations period found in Ark. Code Ann. § 9-14-236 with practically no application. Notably, all orders requiring payments for child support are required to direct that payments be made through the registry of the court, subject to the trial court's discretion in determining the best interests of the parties. Ark. Code Ann. § 9-12-312(d) (Supp. 1995). Given that almost all support obligations are ordered payable through the registry of the court, numerous practical problems would flow from the application of an individual limitations period to each accrued installment, and it would be difficult to ascertain the precise amount of the "judgment" at a given time. Significantly, the emergency clause to Act 870 provides that "it is in the best interest of the people of the State of Arkansas that child support be collected and enforced in the most *expedient* manner for all children of this state[.]" (emphasis added).

---

[2] In *Sullivan v. Edens*, 304 Ark. 133, 801 S.W.2d 32 (1990), this court acknowledged the federal concern with state courts that could retroactively modify or nullify past-due obligations, given that some states had "accorded child support orders a lesser stature than other money judgments and have allowed child support awards to be modified retroactively." Act 1057 of 1987 provides in part, "AN ACT to. . .Provide that Unpaid Child Support Becomes a Judgment; to Prohibit Retroactive Modification Thereof Until Notice is Served on the Other Party. . . ."

The present case is essentially indistinguishable from *Cole*. While support installments payable through the court registry become final judgments as they accrue, *see* Ark. Code Ann. § 9-14-234, the general ten-year statute of limitations found at Ark. Code Ann. § 16-56-114 does not apply to actions to collect such arrearages. *Cole, supra.* Instead, the limitations period found at Ark. Code Ann. § 9-14-236(c) governs. *Cole, supra.* Given that Ark. Code Ann. § 9-14-236(c) controls, we do not reach Sanderson's contention that purported partial payments tolled the ten-year statute of limitations. *See Cole, supra.* Because the appellant did not institute withholding on the accrued arrearage until after both children had turned twenty-three, the trial court did not err in granting Harris's petition to terminate the collection of child support.

Affirmed.