# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2048

_____

| | | |
|---|---|---|
| Craighead Electric Cooperative Corporation, | * * * | |
| Appellant, | * * | |
| v. | * | Appeal from the United States |
| | * | District Court for the Eastern |
| City Water and Light Plant of | * | District of Arkansas. |
| Jonesboro, Arkansas, | * * | |
| Appellee. | * | |

_____

Submitted:  December 12, 2001

Filed:  January 30, 2002

_____

Before MORRIS SHEPPARD ARNOLD, BEAM, and RILEY, Circuit Judges

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge

Craighead Electric Cooperative appeals the judgment of the district court[1] allowing the City Water & Light Plant of Jonesboro (CWL) to take facilities, customers, and property in an area annexed by the city of Jonesboro, Arkansas.

_____

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

Craighead also appeals the district court's finding of the effective date of the taking. We affirm.

## I.

CWL is an "improvement district," or municipal utility, affiliated with the city of Jonesboro. After the city annexed new territory that had been served by Craighead, a rural utility provider, CWL notified Craighead that, pursuant to Ark. Code § 14-207-101 et seq., it intended to take Craighead's facilities and customers in the annexed area. Craighead then sued CWL in district court, claiming that the taking was preempted by an agreement with the federal Rural Utilities Service and that it was forbidden by other Arkansas statutes. After a bench trial, the district court held that the taking was not preempted nor did it conflict with state law. Craighead does not appeal from that part of the district court's order denying its preemption claim, and thus we consider only the district court's interpretation and application of state law.

The state-law claim centers on an asserted conflict between Arkansas statutes. Arkansas law prohibits a "public utility" from furnishing electric service in an area already served by an electric cooperative like Craighead, *see* Ark. Code Ann. § 23-18-101; but another statute, Ark. Code Ann. § 14-207-103, specifies the procedure that a municipality should follow after annexation in order to acquire the territory and customers of an "electric public utility" (which term includes an electric cooperative corporation, *see* Ark. Code Ann. § 23-1-101(9)(A)(i)). We agree with the district court, however, that, for reasons that appear hereafter, whatever may be the appearance at first glance, these two statutes do not conflict with one another.

A relevant state statute contains what we believe are mutually exclusive definitions of the terms "municipality" and "public utility": One subsection of the statute defines a municipality as "a city, a town, an improvement district, other than a county, and any other public or quasi-public corporation," Ark. Code Ann. § 23-1-101(7); and another subsection states that " '[p]ublic utility' includes persons and

corporations ... owning or operating in this state equipment or facilities for [p]roducing ... electricity," Ark. Code Ann. § 23-1-101(9)(A)(i). These definitions suggest that municipalities (and their attendant "improvement districts") are public entities, while public utilities are private entities. *See Kitchens v. City of Paragould*, 191 Ark. 940, 88 S.W.2d 843, 845 (1935). The term "public utilities" can be misleading, but the statutory definition suggests that they are private entities that provide a public service. We therefore conclude that a municipality or a municipal improvement district is not a public utility. The state itself, moreover, recognizes the difference in another, connected context: "Public utilities" are subject to the jurisdiction of the Arkansas Public Service Commission for certain purposes, while municipal utilities like CWL are not subject to that jurisdiction. *See Kitchens*, 88 S.W.2d 843-46.

A potential statutory conflict still remains, however, because there was a statute in effect at the time of the taking that bluntly stated that an electric cooperative could not be ousted from its service area once the state apportioned it. *See* Ark. Code Ann. § 23-18-302(8) (Michie 1987) (repealed 1999). But the district court applied standard principles of statutory construction to reconcile the apparent conflict between this provision and § 14-207-103, and we concur with its conclusion. The latter statute, which describes the valuation and condemnation of public utility property by a municipality, specifically allows a municipal utility such as CWL to condemn the facilities, distribution properties, and customers of an electric cooperative such as Craighead, whereas § 23-18-302(8) stood for the general proposition that an electric cooperative could not be ousted from its assigned area. It is a familiar principle of statutory construction that a general statute must yield when there is a specific statute involving the same subject matter. *See Benton v. Gunter*, 342 Ark. 543, 29 S.W.3d 719, 720-21 (2000). In addition, § 14-207-103 was adopted after § 23-18-302(8), and under Arkansas law a more recent statute prevails over an older statute because a court must assume that the general assembly was aware of the earlier act when it passed the later one. *See Johnson v. State*, 331 Ark. 421, 961 S.W.2d 764, 766 (1998); *Cole v. Harris*, 1330 Ark. 420, 953 S.W.2d 586, 588 (1997); *Kyle v. State*, 312 Ark. 274,

849 S.W.2d 935, 937 (Ark. 1993). The district court therefore correctly held that § 14-207-103 controlled and that CWL could condemn the Craighead property.

It is, of course, well established that when determining matters of state law we are bound by relevant decisions of the state's highest court. *See Swope v. Siegel-Robert, Inc.*, 243 F.3d 486, 496 (8th Cir. 2001), *cert. denied*, 122 S. Ct. 198 (2001). If a question has not been decided by the highest state court, we must apply the law that we believe the state's highest court would apply. *See id.* While Arkansas's courts have not directly resolved the question before us, we note that the Arkansas Supreme Court has offered some guidance on the matter in *Carroll Elec. Coop. Corp. v. City of Bentonville*, 306 Ark. 572, 815 S.W.2d 944 (1991), albeit in dictum. There the court stated matter-of-factly that "Arkansas municipal corporations owning and operating electric utility systems have the right to acquire any or all properties and facilities of the electric public utilities serving within the newly annexed areas after giving a six-month written notice." *Id.* at 945; *see also Woodruff Elec. Coop. Corp. v. Ark. Public Serv. Comm'n*, 234 Ark. 118, 351 S.W.2d 136 (1961). For this reason, and for the others already adduced, we are convinced that our interpretation of these statutes comports with the interpretation that the Arkansas Supreme Court would give them.

II.

The remaining issue in dispute is the effective date of the taking of Craighead's property, a matter which, of course, affects the valuation of the condemned property. Craighead cites *Board of Comm'rs v. Rollins*, 57 Ark. 241, 945 S.W.2d 384, 387 (1997), for the proposition that a "date of taking is established by different methods, depending on the circumstances of the case." Craighead argues that the taking will not occur until some time in the future, namely, when CWL physically takes control of the property in question, and it cites various cases in support of that notion.

That case law is inapposite, however, because the statute applicable to the instant case is quite specific about the matter: "The date of taking for the purposes of this subchapter shall be either the date the deposit authorized by this section is made or, in the event no deposit is made, the date of the court award." Ark. Code Ann. § 14-207-106(b). As the district court held, the date of the taking in this case was therefore quite evidently November 30, 2000, the date that CWL made the deposit with the district court.

## III.

For the foregoing reasons, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.