The Honorable David Evans State Representative Post Office Box 856 Searcy, AR 72145
Dear Representative Evans:
I am writing in response to your request for my opinion submitted on behalf of a constituent on the following matter:
 When a used vehicle is purchased, is it the buyer's responsibility to make sure property taxes have been paid by the seller before purchasing the vehicle?
RESPONSE
In my opinion it is not the buyer's responsibility to ensure that property taxes have been paid on a used car in a private transaction beyond checking the certificate of title for liens properly attached pursuant to A.C.A. §§ 27-14-801 through -807.
The attachment to your request for my opinion recounts your constituent's specific factual background giving rise to this question. Your constituent purchased a used vehicle from an individual and discovered that the personal property taxes had not been paid for the previous two years. She was not allowed to obtain a new registration for the vehicle because of the unpaid personal property taxes from the previous owner. Your constituent contacted the seller of the vehicle who, in this situation, paid her delinquent taxes. Your constituent, however, requested that you forward her story to this office for a request for my opinion.
Tangible personal property is subject to a property tax. A.C.A. §26-3-201 (Repl. 1997). In the case of motor vehicles subject to registration, the Arkansas Code provides:
 (a) The owner of every vehicle subject to registration in Arkansas shall assess the vehicle with the county tax assessor in the county where required by law and within the time required by law.
 (b)(1) The county tax assessor and county tax collector shall provide to the Director of the Department of Finance and Administration updates to the state vehicle registration system to indicate whether or not the owner of each vehicle registered in the county has assessed the vehicle and owes no delinquent personal property taxes. Such updates shall be required no later than January 1, 1999.
A.C.A. § 27-14-1015(a) (b)(1) (Supp. 2003). In the situation described in your request for an opinion, the owner of a motor vehicle who was in arrears on personal property taxes sold the vehicle to a purchaser without notice of the unpaid taxes. You stated that the new owner attempted to renew the registration, the Pulaski County Tax Collector had placed a "hold" on the motor vehicle's Vehicle Identification Number preventing the renewal of the registration. The Pulaski County Tax Collector relied on A.C.A. § 26-34-101(a) (Repl. 1994), which states "[t]axes assessed upon real and personal property shall bind them and be entitled to preference over all judgments, executions, encumbrances, or liens whensoever created." The Department of Finance and Administration ("DFA") claimed that only the taxes owed by the current owner were due and that the buyer was not liable for the taxes in arrears from the seller. It is my understanding that DFA bases this interpretation on A.C.A. §§ 27-14-801—807 (Repl. 1994) which prescribes a specific method for attaching liens to motor vehicles subject to registration.
The cardinal rule of statutory construction is to give effect to the intent of the legislature. Shipley, Inc. v. Long, ___ Ark. ___, S.W.3d ___ (Oct. 21, 2004). A court will first look at the plain and ordinary language of the statute in question. Jones v. Double "D" Properties,352 Ark. 39, 46, 98 S.W.3d 405 (2003). When statutes are unambiguous, a court will construe all laws on a similar subject as a single system and attempt to give effect to the entire system. Arkansas County v. DeshaCounty, 342 Ark. 135, 141, 27 S.W.3d 379 (2000). A court, however, will not construe a statute to an absurd end and, if possible, will construe a statute as constitutional. Shipley, Inc., Ark. (Oct. 21, 2004). The legislature is presumed to know the laws in existence when a new law is passed. Otis v. State, 355 Ark. 590, 614, 142 S.W.3d 615 (2004); see also
Op. Att'y Gen. 2004-188. When interpreting statutes, a general rule is that the statute enacted later in time will control the earlier statute.See Op. Att'y Gen. 2003-318 (citing Cole v. Harris, 330 Ark. 420,953 S.W.2d 586 (1997)). Furthermore, when there are two statutes that apply to the same situation, the more specific statute will control over the general statute. DaimlerChrysler Services N. America, LLC v. Weiss,
___ Ark. ___, ___ S.W.3d ___ (Dec. 16, 2004).
In this situation, I believe that DFA has correctly interpreted the interplay between these statutes. The general statute regarding tax liens originally enacted in 1883 states that the tax debt in arrears shall attach as a lien against the personal property. A.C.A. § 26-34-101. It was last amended in 1943. Act 278 of 1943. In contrast, the General Assembly required liens placed on motor vehicles subject to registration in this state to comply with a specific statutory procedure under A.C.A. §§ 27-14-801 through -807 in 1949. This statute was last amended in 1973. Act 596 of 1973. This subchapter requires a copy of the instrument creating and evidencing a lien to be deposited with the Office of Motor Vehicles. A.C.A. § 27-14-802(a) (Repl. 1994). Furthermore, the office will issue a new certificate of title with the lien properly recorded, A.C.A. § 27-14-803 (Repl. 1994), and this new certificate of title serves as constructive notice of all liens and encumbrances against the motor vehicle, A.C.A. § 27-14-805 (Repl. 1994). The provisions of A.C.A. §27-14-801 through -807 are both more specific and more recent than A.C.A. § 26-34-101.
The General Assembly has enacted laws specifically to govern the filing of liens on motor vehicles. See A.C.A. §§ 27-14-801 through -807. In my opinion, these specific statutes control creating a lien on a motor vehicle over A.C.A. § 26-34-101, creating a lien for non-payment of taxes. To properly attach a lien to a motor vehicle, the creditor must comply with the requirements under A.C.A. §§ 27-14-801 through -807. From the information provided in your request for an opinion, it appears that the Pulaski County Tax Collector placed only an electronic "hold" on the VIN number of the vehicle. This does not appear to comply with the specific requirements of A.C.A. §§ 27-14-801 through -807.
I opine that it is not the buyer's responsibility to ensure that property taxes have been paid on a used car in a private transaction beyond examining the certificate of title for any liens properly attached pursuant to A.C.A. §§ 27-14-801 through -807.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JMD/cyh